## AFFIDAVIT

I, Timothy Hoffmann, being sworn, depose and state as follows:

1) I am a Special Agent (SA) with the Drug Enforcement Administration (DEA).

2) I am assigned to the DEA's Burlington Resident Office (BRO). I was hired as a SA with DEA in 2012, and completed my training in 2013. In connection with my duties and responsibilities as a SA, I have received extensive training in the field of narcotics investigation and enforcement. I have received training, both formal and informal, in the investigation of violations of controlled substance offenses, including attending several schools regarding general narcotics investigation. I completed the DEA Basic Agent Training Academy, located in Quantico, Virginia. I have also received specialized training related to the investigation of money laundering and other financial crimes related to drug trafficking. I have also participated in investigations relating specifically to the possession and distribution of heroin, the drug involved in this investigation and discussed herein. I am familiar with the appearance of heroin, the typical methods of its packaging, and slang terms for the drug. I am also aware, through my training and experience, that fentanyl is a common diluent of, or supplement to, heroin. I have also participated in various aspects of investigatory work, including but not limited to undercover surveillance and undercover narcotics purchases, and I have participated in several narcotics-related arrests and the execution of many narcotics-related search warrants. I have written affidavits in support of search and arrest warrants, and I frequently utilize the services of informants and other confidential sources of information.

3) I submit this affidavit to show probable cause to believe that on or about March 29, 2018, Kevin MCBRIDE committed the offense of possession with intent to distribute heroin, a schedule I controlled substance, in violation of 21 U.S.C. § 841(a).

4) The information contained in this affidavit comes from my personal observations and knowledge, my training and experience, and information obtained from other agents, law enforcement personnel, and witnesses. Since this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known to me concerning this investigation.

5) On March 29, 2018, a Source of Information (SOI)[1] advised me of the following information: On March 29, 2018, an African American male, approximately 35 years of age, nicknamed "Tony," who was "clean cut" would be traveling from out of state to 235 Pearl Street, Apartment 204 in Essex Junction, Vermont. "Tony" would arrive at 2:00 pm with a large amount of heroin. "Tony" would be alone, and driving a rental car.

6) On March 29, 2018, law enforcement established surveillance around the multi-floor apartment building at 235 Pearl Street in Essex Junction. Additional agents were located inside Apartment 204. At approximately 2:04 pm, DEA SA Mark Persson observed a white Mitsubishi SUV with New York State License plates enter the parking garage at 235 Pearl Street, Essex Junction. SA Persson observed an African American male, later identified as Kevin MCBRIDE, exit the SUV and enter the elevator.

---

[1] The SOI was providing information in return for consideration in a potential prosecution related to heroin distribution. The SOI also advised it had a prior felony conviction related to marijuana. On March 30, 2018, I conducted a check of the SOI's criminal history through the National Crime Information Center database; a conviction/charge related to marijuana was not located.

2

7) As MCBRIDE was entering Apartment 204, DEA TFO Corey Lozier and other agents were inside the apartment. The agents identified themselves as police, and MCBRIDE responded by attempting to flee. MCBRIDE fled down the hallway, and was apprehended in a stairwell. Prior to a pat down, MCBRIDE stated that he had no weapons on his person, and that he had drugs on him. A search of MCBRIDE's person by TFO Lozier revealed he was in possession of a heat-sealed plastic bag that contained two clear plastic bags. These two clear plastic bags contained multiple knotted plastic baggies with a tan powder.

8) I have personally examined the contents of the heat-sealed bag seized from MCBRIDE. The powder is consistent with the appearance of heroin, and based on my training and experience, the amount is in excess of a personal-use quantity. Further, the powder was packaged in a manner consistent with heroin, and an intent to distribute the heroin. The approximate weight with packaging was 73 grams.

9) I conducted a post-arrest, *Mirandized* interview of MCBRIDE. Among other things, MCBRIDE advised his nickname was "Tony," he came to Vermont to make money, and that he was in possession of drugs at the time of his arrest.

10) Based on the foregoing, I believe probable cause exists to believe that on or about March 29, 2018, Kevin MCBRIDE committed the offense of possession with intent to distribute heroin, a schedule I controlled substance, in violation of 21 U.S.C. § 841(a).

Dated at Burlington, in the District of Vermont, this 30th day of March, 2018.

_____
TIMOTHY HOFFMANN
DEA Special Agent

Sworn and subscribed before me this 30th day of March, 2018.

_____
HONORABLE JOHN M. CONROY
United States Magistrate Judge